**,UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>MIGUEL A. APONTE DAVILA<br><br>DEBTOR | CASE NO. 11-00525-MCF<br><br>CHAPTER 13 |

### *AMENDED* UNSECURED CREDITOR'S OBJECTION TO CONFIRMATION AND REQUEST FOR DISMISSAL OF CASE

**TO THE HONORABLE COURT:**

Comes now unsecured creditor, DENNIS DE JESUS SANCHEZ, through the undersigned counsel and very respectfully states and prays:

### INTRODUCTION

On March 25, 2011, appearing Creditor filed *Unsecured Creditor's Objection to Confirmation and Request for Dismissal of Case*. (Dckt. # 21).

On March 28, 2011, this Honorable Court issued an ORDER denying the motion to dismiss without prejudice to filing the certificate required by paragraph 3 of the General Order 2004-01. (Dckt # 24).

In compliance with this Honorable Court's order and General Order 2004-01, Creditor De Jesus certifies that Debtor, is not a member of the U.S. Armed Forces, the Coast Guard, the Public Health Service of the Oceanic and Atmospheric Administration, as evidenced by the Certificate issued by the U.S. Department of Defense, copy of which is attached only to the original of this Motion and movant's copy.

All remaining allegations of the *Unsecured Creditor's Objection to Confirmation and Request for Dismissal of Case* remain unaltered.

1. Movant Dennis De Jesús Sánchez is an unsecured creditor (hereinafter referred to as "creditor De Jesus") in the instant case.

2. Creditor De Jesus has filed a proof of claim in this case in the amount of $243,808.16 (all amounts owing principal and interest and having discounted $62,808.16 from eviction and in partial collection of debt) regarding a judgment entered by the Puerto Rico Superior Court, Guayama Section in Civil Case No.GDP1999-0170 awarding this creditor $200,000 for damages caused by the debtor while driving intoxicated, which caused the death of creditor De Jesus' wife. Creditor De Jesus obtained Judgment in the principal amount of $200,000.00, costs and attorneys fees against Debtor since February 27, 2003. Since that date Creditor De Jesús' efforts to collect the monies awarded by the aforementioned judgment for the mental anguishes and emotional damages caused by Debtor have been fruitless. All the properties he enjoys (cars, boats, etcetera) appear at his mother's and relatives name.

3. As further explained below, Creditor De Jesus is objecting to the confirmation of debtor's plan dated January 27, 2011 grounded on 11 U.S.C. Section 1325(b)(1) and 1325(a)(3). Each statutory provision will be discussed separately with the applicable facts.

**I.    Plan does not comply with Section 1325(b)(1):**

4. As to the issue of disposable income under Section 1325(b)(1), this Honorable Court cannot confirm debtor's plan as he is not proposing to pay all of his disposable income during the applicable commitment period. Allow us to explain.

5. As per debtor's Chapter 13 Statement of Current Monthly Income And Calculation Of Commitment Period and Disposable Income ("means test"), he has an applicable commitment period of five (5) years. Debtor has listed the following deductions at line 47 of the mentioned document: (a) $277.37 for a debt owing to "Resort Advantage, Inc.", which is a time share being surrendered by debtor as per his chapter 13 plan and (b) $619 for an automobile loan owed to First Bank. Regarding the time share

deduction, debtor is not entitled to it since he will not continue to have said payment as he is surrendering the collateral in the plan.  Thus, in accordance to the ruling in the U.S. Supreme Court case of <u>Ransom v. FIA Card Services, N.A.</u>, 562 U.S.___ (2011), debtor is not entitled to this deduction as he will not continue making the time share payments; (b) As to the $619 deduction at Line 47, debtor is neither entitled to said deduction since the First Bank auto loan **<u>is not his debt</u>**; **<u>rather, it is a debt solely of his mother</u>**.  It should be noted that line 47 specifies that deductions are for "your debts", meaning, debts of the debtor.   As an applicable case law on this last issue see the case of <u>In re Shahan</u>, 367 B.R. 732 (Bkrtcy.D.Kansas 2007) where the bankruptcy court did not allow the debtor to include a deduction at line 47 for an auto loan payment in the name of debtor' s spouse.

6.	As discussed in the above paragraph, both of the mentioned deductions should not be allowed and consequently, the deletion of these, will result in total deductions at the means test of $3,498.53 and with a gross income of $4,191.83 also at the means test, the disposable income to unsecured creditors at line 59 should be $693.30, which multiplied by sixty (60) months, requires debtor to pay to his unsecured creditors at least $41,598.  Debtor has included a negative disposable income at his means test, hence, he should be ordered to amend it accordingly.  Moreover, with debtor's plan, where he will pay a total of $9,000, it is evident that he will not comply with the amount he has to pay of disposable income to unsecured creditors and hence he does not comply with Section 1325(b)(1).

7.	Moreover, debtor's intention to make monthly payments of $619 for an auto loan is not a reasonable expense.  Debtor attempts to maintain a brand new car- a 2010 Jeep Wrangler-with an outstanding substantial debt of $38,378.  It is understood that debtor needs a car, but he does not need a new car and one with an unreasonably high monthly payment.  Debtor's attempt to maintain this lavish life-style results in $37,140 ($619 x 60 months) that does not go to his unsecured creditors.  In this respect, it

should be noted that creditor De Jesus is the largest creditor.

8. It is Creditor De Jesus' position that under the circumstances of this case a 2010 Jeep Wrangler that owes almost $40,000.00 is a luxury item that does not comply with the "belt-tightening" expectations from a debtor seeking bankruptcy relief. Other bankruptcy courts had categorized as "luxury items" less expensive vehicles. ("[W]hile a debtor is not required to live in poverty to defeat a § 707(b) action to dismiss, a debtor may still be required to engage in some good, old-fashioned belt tightening.") In re Truax Case No. 09-40018, at 6 (Bankr.S.D. Ga. Savannah Div., August 25, 2010).

9. For example, in the bankruptcy case of In re Bartz, 2011 WL 671991, (Bkrtcy.N.D.Iowa, February 17, 201), debtor was a carpenter/construction worker seeking to reaffirm a debt secured by a 2009 Chevrolet Silverado pickup truck. The amount of the debt was $26,038.55. The monthly payments were of $447.78 for 73 months. In this case the court reasoned:

> This Court has several times denied debtor's attempts to reaffirm debts collateralized by security interest in luxury or high-cost items. See In re Honkomp, 416 B.R. 647 (Bankr.N.D.Iowa 2009); Tarnowski, 2009 WL 424999; Miller, 2007 WL 2413012; In re Vaupel, 2007 WL 2609786 (Bankr.N.D.Iowa 2007). In Tarnowski, the Court specifically noted that "although an **automobile may be necessary** for future employment, **there is no showing made that a luxury car** [BMW] **is required.**" 2009 WL 424999 at *2 (emphasis added). The Court noted that in denying reaffirmation that debtors had "not shown this Court that they have exhausted the less expensive alternatives than reaffirming the debt on a luxury vehicle." Id.

10. In the case at hand, a worse scenario than that in Barts, supra, appears: The above captioned debtor pretends to pay for a more expensive and newer car with a higher debt than the one in In re Bartz, supra. It also has to be noted that that in Barts, the court viewed debtor's car as a "luxury" even while the car he had was specifically needed

4

to perform his duties as carpenter/construction worker. In our case, debtor does not even have this specific need, he only needs a car to get to his job and return.

**II.     Debtor's plan does not comply with 11 U.S.C. Section 1325(a)(3)**

11.    The Bankruptcy Code requires that debtor files a plan in good faith. 11 U.S.C.Section 1325(a)(3). Debtor's plan proposal is contrary to this statutory provision. Under the case of In re Sullivan, 370 B.R. 314, 319 (Bankr. D. Mont. 2007), the criteria to be used is the "totality of the circumstances".

12.    Under the totality of the circumstances test, the bankruptcy court from the district of New Hampshire in the case In re Baldassaro, 338 B.R. 178 (Bkruptcy. D.N.H.2006) considered the following factors: (1) debtor's accuracy in stating the debts and expenses, (2) debtor's honesty in the bankruptcy process, including whether he has attempted to mislead the court and whether he has made any misrepresentations, (3) whether the Bankruptcy Code is being unfairly manipulated, (4) the type of debt sought to be discharged, (5) whether the debt would be dischargeable in a Chapter 7, and (6) debtor's motivation and sincerity in seeking Chapter 13 relief.

13.    The first circuit has reiterated the statutory requirement of Section 1325(a)(3) of the Code, when affirming that a plan must be filed in good faith. See In re Sullivan, 326 B.R. 204 (1st Cir. 2005).

14.    As to the good faith issue, it should be considered that debtor's obligation with Creditor De Jesús originated, at least since 2003 when judgment was entered against him. In clear disregard for the repayment of the above debt, he opted to avoid making payments towards it and instead, acquired other debts, this evident from Schedule "F". For instance, he incurred in debts with BPPR since 2007 totalling $17,428. He continued increasing his debts in December 2008 and November 2009, respectively when

5

he acquired an additional total debt of $12,481.48 with creditors Citibank and GE Capital, which are currently owed to "Security Credit Service" as per Schedule "F". Then, further increasing his other debts, debtor as recent as April 2010 undertakes a new "luxury" debt, that being a time share in Coco Beach Resort with a debt of $16,642 as per Schedule "D".

15. Then, also in 2010 debtor decides to asume the payment of an auto loan for a brand new 2010 Jeep Wrangler, in the name of his mother, and which is clearly a legal obligation of his mother, instead of complying payments to his own creditors. It is not a coincidence that the car is in debtor's mother's name. As briefly stated in the first paragraph of this motion, debtor has decided not to have property in his name in order to avoid having Creditor De Jesús attach other properties. Namely, Creditor De Jesus was able to at least make a partial collection of the debt by recording the judgment in the Registry of Property where debtor's former property was located and subsequently the property went to public auction in September 16, 2010 and the property was adjudicated to appearing creditor in partial payment of the debt. It should be noted that prior to the filing of this bankruptcy case, debtor never made any attempt to negotiate or settle Creditor De Jesus' debt that has been outstanding for **8 years.** Being that the case, De Jesus had no other choice but to pursue execution against his former home.

16. Debtor's bad faith is revealed by the additional fact that he could have well purchased the car with his own **substantial retirement funds, $89,579.42**, as disclosed in Schedule "B", instead of paying the car in the name of his mother and thus, taking nearly $40,000 (to pay the auto loan) from his income away from his unsecured creditors. It is appearing creditor's position that if debtor is allowed to pay for an auto loan, that payments come from his own retirement funds.

17. Moreover, debtor's failure to propose a plan that complies with the required disposable income should also be considered within the totality of the

circumstances as constituting a plan not filed in good faith. Further, the fact that debtor has undertaken upon himself to pay for a substantial auto loan, that is not even his legal obligation, should be measured by this court as a plan not filed in good faith as by paying said loan, debtor is taking away from his creditors nearly $40,000 that is being devoted to the payment of said auto loan.

### III. Debtor has not demonstrated compliance with 11 U.S.C. 1325(a)(1)

18. In view of debtor's failure to comply with Section 1325(a)(3) and 1325(b)(1), appearing creditor further contends that this Honorable Court cannot confirm his plan under Section 1325(a)(1), since it is clear that the debtor has failed to comply with all the provisions of Title 11.

19. In assuring that debtor demonstrates compliance with all the provisions of Title 11, he should be ordered to disclose in Question No. 3 of the Statement of Financial Affairs all the payments made to his mother during the year prior to the filing of this case, Debtor has listed an unsecured debt of $37,000.00 allegedly owed to his mother, which debtor should be ordered to provide evidence of this debt. Moreover, debtor should disclose in the Statement of Financial Affairs, at Question No. 3, any payments made to his mother during the year prior to the filing of this case.

### IV. Request for dismissal under Sections 1307(c) and 349

20. Under Section 1307©(1) and as per the arguments in the foregoing motion, appearing creditor has demonstrated sufficient grounds for this Honorable Court to dismiss the instant case. As stated in the case of In re Warren, 2010 WL 5174470, (Bkruptcy.D.Idaho, 2010 December 15, 2010): "The statute contains a list of circumstances or types of conduct which can constitute cause for dismissal, § 1307(c)(1)-(15), but it is nonexclusive. *See* § 102(3) (the term "including" is not limiting). In this circuit, a debtor's bad faith in proposing a chapter 13 plan is considered adequate "cause" for dismissal under § 1307(c). Leavitt v. Soto (In re Leavitt*)*, 171 F.3d 1219,1224 (9th Cir.1999); Goeb v. Heid (In re Goeb), 675 F.2d 1386, 1390 (9th Cir.1982). In

determining whether a chapter 13 plan has been filed in bad faith, a bankruptcy court must review the "totality of the circumstances." <u>In re Leavitt</u>, 171 F.3d at 1224; <u>In re Goeb</u>, 675 F.2d at 1390; <u>In re Weiss</u>, 05.4 I.B.C.R. 99,100 (Bankr.D.Idaho 2005); <u>In re Noordam</u>, 03.2 I.B.C.R. 136,139 (Bankr.D.Idaho 2003).

21. Appearing creditor further requests that for cause shown in this motion, this Honorable Court order that the dismissal be with prejudice under Section 349 of the Bankruptcy Code, so that the debt owed to this creditor is exempted from being discharge in any subsequent bankruptcy case. The above request is made as it has been clearly demonstrated that debtor has no intention whatsover to satisfy Creditor De Jesús debt. As shown, he rather continue engaging in new debts and undertake even debts to which he has no legal obligation (auto loan with First Bank). The above remedy is one under section 349 of the Bankruptcy Code. Said section, as expressed by the bankruptcy court for the district of Massachusetts in the case of <u>In re Hamilton</u>, In 2009 WL 2171097 (Bkrtcy.D.Mass., 2009; July 15, 2009) "authorizes bankruptcy courts to alter the normal effects of the dismissal of a bankruptcy case if cause is shown. *See* 11 U.S.C. § 349 (setting forth consequences of dismissal "unless the court, for cause, orders otherwise").

**WHEREFORE**, it is most respectfully requested from this Honorable Court for the confirmation of debtor's plan be denied. It is also requested that an order be entered dismissing the instant case.

**RESPECTFULLY SUBMITTED.**

<u>**Notice**</u>
<u>To debtor; all creditors and parties in interest</u>: You are hereby given notice that you thirty (30) days to file an objection to the relief sought herein. If no objection is filed with the Bankruptcy Court for the District of Puerto Rico, the court may grant this motion as unopposed. If you file a timely objection, the court may schedule a hearing.

**I hereby certify that on this date I have mailed a copy of the foregoing motion by**

**regular mail with the U.S. Postal Service to the debtor and all creditors, the trustee Alejandro Oliveras Rivera and to all parties in interest as per the attached master address list.**

In San Juan, Puerto Rico, this 25th day of March, 2011.

                                          **MANUEL PORRO VIZCARRA**
                                          **LAW OFFICES**
                                          Attorney for unsecured creditor
                                          382 Escorial Ave.
                                          Caparra Heights
                                          San Juan, Puerto Rico 00920
                                          Telephone 787-774-8200
                                          Facsimile 787-774-8297

                                          **/S/MANUEL PORRO-VIZCARRA**
                                          USDC # 207006
                                          Email: mpv@mpvlawpr.com